ANTHONY R. PASQUINELLI AND BRUNO A. PASQUINELLI v. THOMAS H. WILSON, DR. EUGENE MIHALYKA, FREDERICK M. MYERS, DAVID J. HEINSMA, VICTOR W. KURILKO, AND LUNDQUIST-HEINSMA CORPORATION, A CORPORATION

No. 8726SC555

(Filed 15 March 1988)

Process § 14.2— North Carolina corporation—nonresident directors—in personam jurisdiction

The exercise of personal jurisdiction over defendants did not violate due process where the complaint alleged that defendants as directors of a North Carolina corporation were liable for the illegal sale of securities in Illinois, and defendants' only contacts with North Carolina were that they were directors of the corporation and participated in the management of the corporation's affairs by attending two or three directors' meetings in Charlotte and by taking part in two other directors' meetings over the telephone. Not only does N.C.G.S. § 1-75.4(8) explicitly grant personal jurisdiction over persons who are officers or directors of domestic corporations in cases arising out of the conduct of the corporation, N.C.G.S. § 55-33(a) subjects all officers and directors of North Carolina corporations, resident and nonresident alike, to the personal

jurisdiction of our courts in cases involving either their services or the acts of their corporations during their period of service.

APPEAL by defendants Dr. Eugene Mihalyka and Frederick M. Myers from *Snepp, Judge.* Order entered 30 December 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 December 1987.

*Haywood, Menser and Yurko, by James A. Warren, Jr., for plaintiff appellees.*

*DeArmon and Burris, by Frank L. Bryant, for defendant appellant Dr. Eugene Mihalyka.*

*Essex, Richards & Morris, by Channing O. Richards, for defendant appellant Frederick M. Myers.*

PHILLIPS, Judge.

Defendants Mihalyka, a resident of Virginia, and Myers, a resident of Massachusetts, appeal from an order denying their motions to dismiss for lack of personal jurisdiction. The case against them stated in the complaint is that Berkshire Enterprises, Ltd., a North Carolina corporation that sold securities to plaintiffs in Illinois without complying with Illinois law, refused to return their purchase money and that defendants as directors of the corporation at the time of the sale are liable therefor. Appellants' only contacts with this state before the action was brought, according to their affidavits in support of their motions, were that they were directors of Berkshire during the period of the alleged sales and participated in the management of Berkshire's affairs by attending two or three directors' meetings in this state at the company offices in Charlotte and by taking part in two other directors' meetings conducted over the telephone.

The lawful exercise of *in personam* jurisdiction over a nonresident requires two things—statutory authority and that the exercise of that power not violate constitutional due process. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). That there is statutory authority for the exercise of personal jurisdiction over these defendants is clear and defendants do not contend otherwise. Not only does our long-arm statute, G.S. 1-75.4(8), explicitly grant personal jurisdiction over persons

who were officers or directors of domestic corporations in cases arising out of the *conduct* of the corporation while they were directors or officers, but our Business Corporation Act, by appropriate provisions enacted in 1955, subjects all officers and directors of North Carolina corporations, resident and nonresident alike, to the personal jurisdiction of our courts in cases involving either their services or the acts of their corporations during the period of service. The statute affecting nonresident directors, G.S. 55-33(a), provides as follows:

> (a) Every nonresident of this State who shall become a director of a domestic corporation shall by becoming such director be subjected to the jurisdiction of the courts of this State in all actions or proceedings brought therein by, or on behalf of, or against said corporation in which said director is a necessary or proper party, or in any action or proceeding by shareholders or creditors against said director for violation of his duty as director. Every nonresident who is a director of a domestic corporation when this Chapter becomes effective shall be likewise so subject to the jurisdiction of the courts of this State unless he shall within 60 days of the effective date of this Chapter resign his office and file in the office of the Secretary of State a notice of such resignation.

This statute if anything is more pertinent to the case at hand than the long-arm statute.

What the appellants contend is that the exercise of personal jurisdiction over them in this case would violate the Due Process Clause of the United States Constitution because their contacts with this state have been so few. Though defendants' contacts with this state have been few, their nature and possible effect upon the public were such that exercising personal jurisdiction over them will not violate the notions of fair play that the Due Process Clause embodies, *Hanson v. Denckla*, 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228 (1958), and the contention is overruled. As the General Assembly recognized in enacting the Business Corporation Act, North Carolina has a legitimate interest in protecting members of the public who deal with corporations created by our laws; and since corporations act through people it was both efficacious and reasonable that the General Assembly chose to implement that policy by subjecting those persons who

control and govern domestic corporations to the jurisdiction of our courts in proper cases. The State's policy in this regard was announced to the public, and before appellants voluntarily became directors of the North Carolina corporation involved they knew or should have known that by accepting those positions and the protection given them by our laws that they could be required to account for their stewardship in the courts of this state. Under the circumstances, therefore, enforcing the jurisdiction that defendants' own voluntary acts vested in our courts will not be unfair to them; and for that matter trying the case against them here will better serve the ends of justice than would the duplicitous and wasteful course of requiring plaintiffs to sue each defendant appellant in his own state. *Byham v. The National CIBO House Corp.*, 265 N.C. 50, 143 S.E. 2d 225 (1965); *Swenson v. Thibaut*, 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *disc. rev. denied and appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 181, 182, 183 (1979).

Affirmed.

Judges WELLS and PARKER concur.